## ALFRED MOORE v. STATE.

No. A-4586. Opinion Filed Dec. 24, 1924.
Rehearing Denied May 2, 1925.
(237 Pac. 621.)

**Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Possession.** In a prosecution for unlawful possession of intoxicating liquor, evidence held to sustain a conviction.

Appeal from District Court, Murray County; W. C. Long, Judge.

Alfred Moore was convicted of a violation of the prohibitory liquor law, and he appeals. Affirmed.

H. W. Fielding, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. Under an information charging that Alfred Moore and Pearl Clapp did have in their possession two bottles of whisky with intent to sell the same, appellant, Alfred Moore, on his separate trial was convicted, and in accordance with the verdict of the jury was sentenced to 30 days' confinement in jail and to pay a fine of $150. To reverse the judgment he appeals. The assigned grounds of reversal are that the court erred in admitting incompetent and improper evidence and erred in its instructions to the jury, and that the verdict is not supported by the evidence.

John Cornell testified that he and Ben Haney went down the alley back of appellant Moore's meat market, and

stopped; presently George Rennie came out of the back door with a bundle under his arm and when witness grabbed him he threw it against the wall and broke it; that the neck of the bottle and the paper contained whisky which the officers both tasted. Then they went inside and told appellant that they caught Rennie coming out with a bottle of whisky and would like to search the place. Appellant told them to help themselves. That after he went in he turned and saw Ben Haney and Pearl Clapp, an employee, in the door way scuffling over a bottle.

Ben Haney testified in substance to the same facts as did the witness Cornell. He further testified "we talked there a minute to Mr. Rennie and then went on in. Mr. Moore was skinning a beef; Mr. Cornell started up to the front. Pearl Clapp went around the refrigerator or ice box and I saw him grab something and I ran after him and caught him right in the door and tried to get the package from him. He was trying to break it and finally did break it; it was a bottle of whisky."

George Rennie testified that he went in the front door of the butcher shop and asked if they had any junk and some one said, "You might look around"; that he picked a bottle up on a table back by the ice box, and started out the back door and Cornell and Haney stopped him and he threw the bottle against the wall.

C. H. Parks, sheriff, testified that he knew the reputation of Alfred Moore's place of business as being a place where whisky could be obtained, and people generally said liquor was being sold there.

On the part of the defense, Pearl Clapp testified that he was an employee of Alfred Moore; that Shorty Beaver and Jim Slover had been drinking and had a bottle of whisky in the back end, that when the officers came in he saw a package lying on the box and grabbed it and ran to the back door and broke it.

As a witness in his own behalf the defendant testified that he did not see George Rennie come in or go out of his place; that he was checking up the cash register when the officers came in and wanted to search the place, and he told them to go ahead, that he did not keep or sell liquor there; that he had four of five employees and sometimes the men would go back to the rear of the store and drink when he did not know about it. He admitted, however, that prior to 1915 he paid a revenue license, and was in the whisky business pretty strong.

Counsel for appellant in his brief says that he was not connected with the case on its trial; that on his examination of the case-made he finds that testimony was admitted which he thinks was clearly incompetent, but which does not appear to have been objected to or exceptions reserved.

An examination of the record shows no objection was made or exceptions taken to the rulings of the court on the admission of evidence. It follows that there is nothing in this court to review. No objection was made or exception taken to the instructions given by the court, and we find no fundamental error in the same.

The testimony on the part of the state was amply sufficient to sustain the verdict. The judgment is therefore affirmed.

MATSON, P. J., and BESSEY, J., concur.